UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY D. ROSAL,

        Plaintiff,

   v.

FIRST FEDERAL BANK OF CALIFORNIA, et al.,

        Defendants.

                                     /

No. C 09-1276 PJH

**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND ORDERING HEARING AND BRIEFING FOR MOTION FOR PRELIMINARY INJUNCTION**

       Plaintiff Jeffery Rosal ("plaintiff") filed this action on March 24, 2009 against defendants First Federal Bank of California, Seaside Financial Corporation, T.D. Service Company, Servicelink and All Phase Brokers (collectively "defendants"), alleging various state and federal claims arising out of the initiation of a non-judicial foreclosure sale of real property purchased by plaintiff located at 25114 Adriano Street, Fremont, California 94536 (the "property"). Also on March 24, 2009, plaintiff filed an *ex parte* motion for temporary restraining order ("TRO") and for preliminary injunction seeking to prevent defendants from: (1) instituting, prosecuting, or maintaining foreclosure or sale proceedings on the property; and (2) taking any steps to deprive him of ownership and/or possession of the property, including recording any deed and instituting eviction proceedings.

       Under Civil Local Rule 65-1(b), "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Civ. L.R. 65-1(b). Rule 65(b) of the Federal Rules of Civil Procedure further specifies that a court may issue a TRO without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed.R.Civ.P. 65(b); see also Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1130-31 (9th Cir. 2006).  There are "very few circumstances justifying the issuance of an *ex parte* TRO."  Reno, 452 F.3d at 1131.  For example, courts have granted such a TRO "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id.  Courts have also recognized "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id.

The court has reviewed plaintiff's complaint, *ex parte* motion and declaration.  Based on this review, the court finds that plaintiff's *ex parte* motion must be denied for failure to comply with Civil Local Rule 65-1 and Rule 65 of the Federal Rules of Civil Procedure.  To date, plaintiff has filed no proof of service of the summons and complaint on any defendant.  Nor has plaintiff presented evidence that he notified defendants of the instant motion or shown good cause why he should be relieved of this obligation.

In addition, plaintiff has not demonstrated compliance with Rule 65.  Plaintiff, for instance, has not filed an affidavit or a verified complaint that sets forth facts "clearly showing" that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.[1]  Plaintiff has also failed to file a written certification from his attorney setting forth the efforts made to give service and the reasons why it should not be required.  In short, plaintiff has failed to present persuasive evidence demonstrating that his case falls within the "very few circumstances" justifying the issuance of an *ex parte* TRO.

---

[1] The court notes that plaintiff filed his complaint and the instant motion eight days after the non-judicial foreclosure sale occurred.  Thus, the injunctive relief plaintiff seeks related to the non-judicial foreclosure appears to be moot.  In addition, the court notes that to the extent plaintiff seeks to enjoin eviction proceedings, plaintiff has provided no specific facts indicating that such proceedings have been commenced or that his eviction from the property is otherwise imminent.

Finally, in addition to the foregoing shortcomings, the court finds that plaintiff's delay in requesting a TRO militates against its issuance. Plaintiff was aware of the non-judicial foreclosure sale in June 2008, but did not file suit until March 2009.

Accordingly, plaintiff's *ex parte* motion for TRO and for preliminary injunction is DENIED. Plaintiff shall serve defendants with all documents he has filed in this matter, including the complaint, the instant motion, and this Order by Friday, March 27, 2009, and provide proofs of service to the court by March 31, 2009. If these documents are timely served on defendants, a hearing on plaintiff's request for a preliminary injunction will be scheduled for May 6, 2009. Defendants' oppositions will be due no later than April 15, 2009. Plaintiff's reply will be due no later than April 22, 2009. If plaintiff does not serve the papers as directed, he may instead notice a motion for a preliminary injunction for the next available hearing date.

**IT IS SO ORDERED.**

Dated: March 26, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge