1
2
3                           UNITED STATES DISTRICT COURT
4                           NORTHERN DISTRICT OF CALIFORNIA
5
6
7
8   JEFFERY D. ROSAL,                            No. C 09-1276 PJH

9              Plaintiff,                        **ORDER DENYING SECOND EX
                                                 PARTE MOTION FOR TEMPORARY
10        v.                                     RESTRAINING ORDER**

11  FIRST FEDERAL BANK OF
    CALIFORNIA, et al.,
12
               Defendants.
13  _____/

14        Plaintiff Jeffery Rosal ("plaintiff") filed this action on March 24, 2009 against

15  defendants First Federal Bank of California, Seaside Financial Corporation, T.D. Service

16  Company, ServiceLink and All Phase Brokers (collectively "defendants"), alleging various

17  state and federal claims arising out of the initiation of a non-judicial foreclosure sale of real

18  property purchased by plaintiff located at 25114 Adriano Street, Fremont, California 94536

19  (the "property").  Also on March 24, 2009, plaintiff filed an *ex parte* motion for temporary

20  restraining order ("TRO") and for preliminary injunction seeking to prevent defendants from:

21  (1) instituting, prosecuting, or maintaining foreclosure or sale proceedings on the property;

22  and (2) taking any steps to deprive him of ownership and/or possession of the property,

23  including recording any deed and instituting eviction proceedings.

24        On March 26, 2009, this court issued an Order denying plaintiff's *ex parte* motion for

25  TRO and for preliminary injunction.  In that Order, the court stated that if plaintiff served

26  defendants with all of the documents he had filed in this matter, including the complaint, the

27  *ex parte* motion and the Order by March 27, 2009, and provided proofs of service to the

28  court by March 31, 2009, a hearing on plaintiff's request for a preliminary injunction would

    be scheduled for May 6, 2009.  The court further stated that if plaintiff did not serve the

1   papers as directed, he may instead notice a motion for a preliminary injunction for the next

2   available hearing date.

3          To date, plaintiff has neither served the documents as directed by the court nor

4   noticed a motion for preliminary injunction.  Instead, on April 6, 2009, plaintiff filed a second

5   *ex parte* motion for TRO and for preliminary injunction, seeking the same relief as he

6   sought in his first *ex parte* motion.[1]  Plaintiff's second *ex parte* motion is predicated, in part,

7   on First Federal Bank of California's purported filing of an unlawful detainer action against

8   plaintiff in the Superior Court of California, County of Alameda on April 1, 2009.

9          Under Civil Local Rule 65-1(b), "[u]nless relieved by order of a Judge for good cause

10  shown, on or before the day of an *ex parte* motion for a temporary restraining order,

11  counsel applying for the temporary restraining order must deliver notice of such motion to

12  opposing counsel or party."  Civ. L.R. 65-1(b).  Rule 65(b) of the Federal Rules of Civil

13  Procedure further specifies that a court may issue a TRO without notice to the adverse

14  party only if: (1) specific facts in an affidavit or a verified complaint clearly show that

15  immediate and irreparable injury, loss, or damage will result to the movant before the

16  adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing

17  any efforts made to give notice and the reasons why it should not be required.

18  Fed.R.Civ.P. 65(b); see also Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1130-

19  31 (9th Cir. 2006).  There are "very few circumstances justifying the issuance of an *ex parte*

20  TRO."  Reno, 452 F.3d at 1131.  For example, courts have granted such a TRO "where

21  notice to the adverse party is impossible either because the identity of the adverse party is

22  unknown or because a known party cannot be located in time for a hearing."  Id.  Courts

23  have also recognized "a very narrow band of cases in which *ex parte* orders are proper

24  because notice to the defendant would render fruitless the further prosecution of the

25  action."  Id.

26

27

28

[1] Also on April 6, 2009, plaintiff filed a proof of service indicating that the summons was served on Pat Player, the person designated to accept service of process on behalf of defendant First Federal Bank of California.

1       The court has reviewed plaintiff's complaint, second *ex parte* motion and declaration,

2  as well as the declaration of plaintiff's counsel, Kelly Robinson.  Based on this review, the

3  court finds that plaintiff's second *ex parte* motion must be denied for failure to comply with

4  Civil Local Rule 65-1(b) and Rule 65(b) of the Federal Rules of Civil Procedure.  While

5  plaintiff filed a proof of service of the summons on First Federal Bank of California,[2] he did

6  not file a proof of service of the complaint on First Federal Bank, nor did he file proofs of

7  service of the summons and complaint on Seaside Financial Corporation, T.D. Service

8  Company, ServiceLink and All Phase Brokers.  Nor has plaintiff presented evidence that he

9  notified Seaside Financial Corporation, T.D. Service Company, ServiceLink and All Phase

10  Brokers of the instant motion or shown good cause why he should be relieved of this

11  obligation.  Instead, plaintiff's counsel submitted a declaration indicating that she orally

12  notified First Federal Bank of California of the instant motion on April 3, 2009.  The court

13  finds that plaintiff has failed to demonstrate compliance with Civil Local Rule 65-1(b).

14       In addition, the court finds that plaintiff has failed to demonstrate compliance with

15  Rule 65(b) for two reasons.  First, plaintiff has not filed an affidavit or a verified complaint

16  that sets forth facts "clearly showing" that immediate and irreparable injury, loss, or damage

17  will result to him before defendants can be heard in opposition to his *ex parte* motion.  In

18  fact, in support of his *ex parte* motion, plaintiff submitted his own declaration attesting that,

19  on March 17, 2009, he received a notice from All Phase Brokers, which stated, "Notice to

20  Occupants - Please contact me ASAP.  Ownership of this property has been

21  sold/transferred to the bank.  Please contact me ASAP to avoid eviction!"  Thus, the

22  injunctive relief plaintiff seeks related to the non-judicial foreclosure appears to be moot.

23  Further, to the extent plaintiff seeks to enjoin the eviction proceedings purportedly

24  commenced on April 1, 2009, the court finds that plaintiff has not set forth specific facts or

25  otherwise shown that his eviction from the property is imminent such that immediate injury

26  will result absent the issuance of an *ex parte* TRO without notice.  Moreover, the court

27  notes that while plaintiff asserts that eviction proceedings have been commenced, and that

28

---

[2] A review of the record in this case reveals that this is the only document that has been served on any defendant.

1   a response to the complaint for unlawful detainer is due on April 6, 2009, plaintiff has

2   offered no evidence corroborating this assertion.

3         Second, while plaintiff's counsel's declaration contains facts stating that she gave

4   oral notice of her intention to file the instant motion to counsel for First Federal Bank of

5   California, it does not contain any facts setting forth the efforts made to give notice to the

6   other defendants and the reasons why it should not be required.  In short, plaintiff has failed

7   to present persuasive evidence demonstrating that his case falls within the "very few

8   circumstances" justifying the issuance of an *ex parte* TRO.

9         Finally, in addition to the foregoing shortcomings, the court finds, as noted in its

10  Order denying plaintiff's first *ex parte* motion, that plaintiff's delay in requesting a TRO

11  militates against its issuance.  Plaintiff was aware of the non-judicial foreclosure sale in

12  June 2008, but did not file suit until March 2009.

13       For the reasons stated above, plaintiff has failed to demonstrate that a TRO should

14  issue without notice to all defendants under both Rule 65(b) and Civil Local Rule 65-1(b).

15  Accordingly, plaintiff's second *ex parte* motion for TRO and for preliminary injunction is

16  DENIED.  Because plaintiff did not comply with this court's March 26, 2009 Order directing

17  him to serve various documents on defendants by March 27, 2009, a hearing on plaintiff's

18  request for a preliminary injunction will not be scheduled for May 6, 2009.  Plaintiff,

19  however, may notice a motion for a preliminary injunction for the next available hearing

20  date.

21       **IT IS SO ORDERED.**

22  Dated: April 10, 2009

23

24

                                                   _____

25                                             PHYLLIS J. HAMILTON
                                             United States District Judge

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28