1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY D. ROSAL,

        Plaintiff,

    v.

FIRST FEDERAL BANK OF
CALIFORNIA, et al.,

        Defendants.
_____/

No. C 09-1276 PJH

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

      Before the court is a motion to dismiss filed by defendants First Federal Bank of
California ("FFB"), Seaside Financial Corporation ("Seaside"), T.D. Service Company
("T.D.") and All Phase Brokers ("All Phase").  Also before the court is a motion to dismiss
filed by defendant ServiceLink.  Plaintiff Jeffery Rosal ("plaintiff") opposes the motions.  The
court finds these matters suitable for resolution without oral argument pursuant to Civil
Local Rule 7-1(b).  Having read the parties' papers and considered the relevant legal
authority, the court hereby GRANTS defendants' motions to dismiss, for the reasons stated
below.

**BACKGROUND**

      This action arises out of a non-judicial foreclosure sale of real property purchased by
plaintiff.  Plaintiff is a resident of Alameda County and purchaser of real property located at
35114 Adriano Street, Fremont, California 94536 (the "property").  First Amended
Complaint ("FAC") ¶¶ 2, 11.  Plaintiff financed the acquisition of the property by executing
an Adjustable Rate Mortgage Note, promising to pay FFB $508,000.  Id. ¶¶ 2, 22-23;
ServiceLink's Request for Judicial Notice ("RJN"), Exh. A.  The Note is secured by a first

priority Deed of Trust against the property, dated November 17, 2005.  FAC ¶ 22;

ServiceLink's RJN, Exh. A.  The Deed of Trust named FFB as beneficiary and Seaside as

trustee.  ServiceLink's RJN, Exh. A.

According to the FAC, FFB is engaged in the business of promoting, marketing,

distributing and selling ARM loans, Seaside is engaged in the business of providing

financial services related to home loans, T.D. is in the business of providing foreclosure

services to the mortgage industry, ServiceLink is in the business of providing origination

and default services, and All Phase is in the business of listing real estate properties for

sale and assisting buyers and sellers with their respective real estate purchases and sales.

FAC ¶¶ 2-7.

After plaintiff fell $22,036.55 in arrears on loan payments, a non-judicial foreclosure

was initiated when a Notice of Default and Election to Sell Under Deed of Trust was

recorded on June 4, 2008.  ServiceLink's RJN, Exh. B.  On October 1, 2008, a Notice of

Trustee's Sale was recorded, stating that plaintiff was in default under a Deed of Trust

dated November 17, 2005 as Instrument No. 2005511998 in the Official Records of

Alameda County, and that the property would be subject to sale in a public auction on

October 23, 2008.  Id., Exh. C.  On March 23, 2009, a Trustee's Deed Upon Sale was

recorded, stating that the property was purchased by FFB on March 16, 2009 .  Id., Exh. L.

On March 24, 2009, plaintiff filed the instant action against FFB, Seaside, T.D.,

ServiceLink and All Phase Brokers (collectively "defendants"), alleging fifteen causes of

action.  On April 29, 2009, ServiceLink filed a motion to dismiss, and on May 4, 2009, FFB,

Seaside, T.D. and All Phase Brokers filed a motion to dismiss.  Plaintiff did not oppose

these motions.  Instead, on June 15, 2009, two days before the hearing on these motions,

plaintiff filed an amended complaint, alleging fourteen causes of action: (1) violation of the

Truth in Lending Act, 15 U.S.C. § 1611 *et seq.* ("TILA"); (2) violation of the Real Estate

Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.* ("RESPA"); (3) violation of the Equal

Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); (4) violation of California's

Unfair Competition Law, Bus. & Prof.Code § 17200 *et seq.* ("UCL"); (5) breach of fiduciary

duty; (6) breach of the implied covenant of good faith and fair dealing; (7) promissory estoppel; (8) fraud by intentional misrepresentation; (9) fraud by concealment; (10) restitution for unjust enrichment; (11) violation of California's False Advertising Law, Bus. & Prof.Code § 17500 *et seq.* ("FAL"); (12) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 *et seq.* ("RFDCPA"); (13) cancellation of void instrument; and (14) injunctive relief.  <u>See</u> FAC.[1]  The FAC, among other things, deleted a cause of action for civil conspiracy and added allegations related to equitable tolling.

Plaintiff did not attend the hearing held on June 17, 2009, at which the court granted defendants' motions to dismiss, for the reasons stated on the record.  The court also, in light of the filing of the FAC and defendants' stated intent to seek dismissal of the FAC, ordered an expedited briefing schedule on defendants' motions to dismiss the FAC.

On June 24, 2009, defendants filed motions to dismiss the FAC.  On June 1, 2009, plaintiff filed an opposition.  Replies were filed on July 7, 2009.

## DISCUSSION

A.   Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory.  <u>Id.</u>  The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims.  <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  <u>See</u>, <u>e.g.</u>, <u>Burgert v. Lokelani Bernice Pauahi Bishop Trust</u>, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

---

[1] Plaintiff's first through ninth and eleventh causes of action are alleged only against FFB.  Plaintiff's tenth, twelfth, thirteenth and fourteenth causes of action are alleged against all defendants.

1    The court, however, is not required to accept as true allegations that are merely conclusory,

2    unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden State

3    Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor do courts assume the truth of legal

4    conclusions merely because they are cast in the form of factual allegations, Western

5    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts

6    different from those it has alleged.  Associated Gen. Contractors of California, Inc. v.

7    California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

8          To survive a motion to dismiss for failure to state a claim, a complaint generally must

9    satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

10   Rule 8 requires only that the complaint include a "short and plain statement of the claim

11   showing that the pleader is entitled to relief."  Fed.R.Civ.P 8(a)(2).  Specific facts are

12   unnecessary – the statement need only give the defendant "fair notice of the claim and the

13   grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell

14   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to survive a motion to

15   dismiss, a plaintiff must allege facts that are enough to raise her right to relief "above the

16   speculative level."  Twombly, 550 U.S. at 555.  While the complaint "does not need detailed

17   factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his

18   'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic

19   recitation of the elements of a cause of action will not do."  Id.  In short, a plaintiff must

20   allege "enough facts to state a claim to relief that is plausible on its face," not just

21   conceivable.  Id. at 570 .

22         A claim has facial plausibility when the pleaded factual content allows the court to

23   draw the reasonable inference that the defendant is liable for the misconduct alleged.

24   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009) (citing Twombly, 550 U.S. at 556).  Two

25   working principles underlie Twombly: (1) the tenet that a court must accept a complaint's

26   allegations as true is inapplicable to threadbare recitals of a cause of action's elements,

27   supported by mere conclusory statements; and (2) determining whether a complaint states

28   a plausible claim is context-specific, requiring the reviewing court to draw on its experience

4

1    and common sense.  Iqbal, 129 S.Ct. at 1940 (citing Twombly, 550 U.S. at 555-56).  In

2    considering a motion to dismiss, a court may begin by identifying allegations that, because

3    they are mere conclusions, are not entitled to the assumption of truth.  Iqbal, 129 S.Ct. at

4    1940.  Legal conclusions can provide the complaint's framework, but they must be

5    supported by factual allegations.  Id.  When a complaint contains well-pleaded factual

6    allegations, a court should assume their veracity and then determine whether they plausibly

7    give rise to an entitlement to relief.  Id. at 1940-41.

8         In addition, when resolving a motion to dismiss for failure to state a claim, the court

9    may not generally consider materials outside the pleadings.  Lee v. City of Los Angeles,

10   250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a

11   matter that is properly the subject of judicial notice, such as matters of public record.  Id. at

12   689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir.

13   1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters

14   of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

15   judgment), *overruled on other grounds by* Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501

16   U.S. 104, 111 (1991).

17   B.   Judicial Notice

18        Defendants move for judicial notice of their exhibits in support of their motions to

19   dismiss pursuant to Federal Rule of Evidence 201.

20        ServiceLink requests that the court take judicial notice of the following documents:

21   (1) Deed of Trust and Assignment of Rents, dated November 17, 2005 and recorded on

22   November 30, 2005, in the Official Records of Alameda County, California as Instrument

23   No. 2005511998; (2) Notice of Default and Election to Sell Under Deed of Trust, dated

24   June 3, 2008 and recorded on June 4, 2000, in the Official Records of Alameda County,

25   California as Instrument No. 2008178388; (3) Notice of Trustee's Sale, dated September

26   26, 2008 and recorded on October 1, 2008, in the Official Records of Alameda County,

27   California as Instrument No. 2008290163; (4) Voluntary Bankruptcy Petition filed by plaintiff

28   on October 21, 2008 in the United States Bankruptcy Court, Northern District of California,

Oakland Division, Case No. 08-46031; (5) Order of Dismissal entered on November 13, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08-46031EDJ; (6) Voluntary Bankruptcy Petition filed by plaintiff on November 17, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08-46691; (7) Order of Dismissal entered on December 10, 2008 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 08-46691-J-13; (8) Voluntary Bankruptcy Petition filed by plaintiff on January 8, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09-40089; (9) Order of Dismissal entered on February 19, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09-40089EDJ; (10) Order Granting Motion For Relief From Automatic Stay entered on February 24, 2009, in the United States Bankruptcy Court, Central District of California, Los Angeles Division, and recorded on March 12, 2009, in the Official Records of Alameda County, California as Instrument No. 2009073916; (11) Voluntary Bankruptcy Petition filed by plaintiff on February 27, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09-41513; (12) Trustee's Deed Upon Sale, dated March 16, 2009 and recorded on March 23, 2009, in the Official Records of Alameda County, California as Instrument No. 2009083855; and (13) Order of Dismissal entered on March 26, 2009 in the United States Bankruptcy Court, Northern District of California, Oakland Division, Case No. 09-41513-RN.

FFB, Seaside, T.D. and All Phase also request that the court take judicial notice of: (1) Notice of Default and Election to Sell Under Deed of Trust, dated June 3, 2008 and recorded on June 4, 2008, in the Official Records of Alameda County, California as Instrument No. 2008178388; (2) Notice of Trustee's Sale, dated September 26, 2008 and recorded on October 1, 2008, in the Official Records of Alameda County, California as Instrument No. 2008290163; and (3)Trustee's Deed Upon Sale, dated March 16, 2009 and recorded on March 23, 2009, in the Official Records of Alameda County, California as Instrument No. 2009083855.

1    Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A

2  judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

3  generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

4  and ready determination by resort to sources whose accuracy cannot reasonably be

5  questioned."

6    As to the documents recorded in the Official Records of Alameda County, the court

7  takes judicial notice of these documents as they are matters of public record.  See MGIC

8  Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (A court may take judicial

9  notice of matters of public record outside the pleadings on a motion to dismiss.); W. Fed.

10  Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in

11  a county public record, including deeds of trust).

12    As to the bankruptcy court filings, the court takes judicial notice of this information.

13  See Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is

14  appropriate to take judicial notice of court filings and other matters of public record such as

15  pleadings in related litigation); Headwaters Inc. v. United States Forest Service, 399 F.3d

16  1047, 1051 n. 3 (9th Cir. 2005) (courts may take judicial notice of the docket in related

17  cases as materials from a proceeding in another tribunal are appropriate for judicial notice).

18    Accordingly, defendants' requests for judicial notice are GRANTED.

19  C.    Bankruptcy Court Proceedings

20    As a preliminary matter, ServiceLink argues that, contrary to the allegations in the

21  FAC,[2] defendants acted within their right to conduct the Trustee's Sale on March 16, 2009,

22  because the Voluntary Bankruptcy Petition filed by plaintiff on February 27, 2009,

23  ServiceLink's RJN, Exh. K, did not stay defendants' right to enforce foreclosure remedies.

24    In support of this contention, ServiceLink submitted an order from the United States

25  Bankruptcy Court, Central District of California, dated February 24, 2009, granting FFB's

26  motion for relief from automatic stay pursuant to 11 U.S.C. § 362.  ServiceLink's RJN, Exh.

27

28    [2] The FAC alleges that "Defendants Seaside, T.D., ServiceLink and All Phase violated the automatic stay applied to certain collection and other actions against the Plaintiff and the Plaintiff's property."  FAC ¶ 129.

1    J.  The order states that the automatic stay of 11 U.S.C. § 362(a) is terminated as to

2    plaintiff's bankruptcy estate, affecting real property located at 35114 Adriano Street,

3    Fremont, CA 94536, pursuant to 11 U.S.C. § 362(d)(1), (2), (4).   Id.  Specifically, the order

4    states that movant, FFB, "may enforce its remedies to foreclose upon and obtain

5    possession of the Property in accordance with applicable non-bankruptcy law . . ."  Id.  The

6    order further states that the filing of the bankruptcy petition was part of a scheme to delay,

7    hinder and defraud creditors that involved the "transfer of all or part ownership of, or other

8    interest in, the Property without the consent of the secured creditor or court approval" and

9    "multiple bankruptcy filings affected the Property."  Id.  Finally, the order states that if it is

10   properly recorded in compliance with the applicable State laws, the order shall be binding

11   for two years after the date of entry of the order.  Id.  FFB, Seaside, T.D. and All Phase

12   assert that the order was properly recorded on March 14, 2009.

13        In addition, ServiceLink submitted an order from the United States Bankruptcy Court,

14   Northern District of California, Oakland Division, dated March 26, 2009, ServiceLink's RJN,

15   Exh. M, dismissing the bankruptcy action initiated by the Voluntary Bankruptcy Petition filed

16   by plaintiff on February 27, 2009.

17        Based on the foregoing, the court concludes that the Voluntary Bankruptcy Petition

18   filed by plaintiff on February 27, 2009, did not stay defendants' right to enforce foreclosure

19   remedies.

20   D.     Defendants' Motions to Dismiss

21        1.     First Cause of Action: Violation of TILA

22        Plaintiff's first cause of action alleges that defendants violated TILA's disclosure

23   requirements by failing to: (1) provide plaintiff with two copies of his right of rescission; (2)

24   clearly and conspicuously disclose the interest rate with a Truth in Lending Disclosure

25   Statement ("TILDS") within 3 business days after the initial application for the loan; and (3)

26   provide the Initial Arm Disclosure, i.e., disclose the annual percentage rate of the loan, the

27   amount of the regular monthly payment, that the interest rate and monthly payment may

28   increase, and the amount of the maximum monthly payment, based on the maximum

1    interest rate allowed, within 3 business days after the initial application for the loan.  Plaintiff

2    seeks remedies of both rescission and damages for improper disclosures under TILA.

3         TILA is intended to protect consumers in credit transactions by requiring disclosure

4    of key terms of the lending arrangement and its related costs.  See 15 U.S.C. § 1601 *et*

5    *seq.*  A lender's violation of TILA allows the borrower to seek damages or to rescind a

6    consumer loan secured by the borrower's primary dwelling.  A plaintiff's damage claims

7    relating to improper disclosures under TILA are subject to a one-year statute of limitations,

8    15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated.  King

9    v. State of California, 784 F.2d 910, 915 (1986); see also Meyer v. Ameriquest Mortg. Co.,

10   342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA

11   occurs at the time the loan documents were signed).

12        Plaintiff signed his loan documents in November 2005, but did not file suit until

13   March 24, 2009.  As such, the one-year time limit for any claim for damages is time-barred,

14   unless the doctrine of equitable tolling applies.  See King, 784 F.2d at 915 (equitable tolling

15   of civil damages claims brought under TILA may, in the appropriate circumstances,

16   suspend the limitations period until the borrower discovers or had reasonable opportunity to

17   discover the fraud or nondisclosures that form the basis of the TILA action).

18        "Equitable tolling is generally applied in situations 'where the claimant has actively

19   pursued his judicial remedies by filing a defective pleading during the statutory period, or

20   where the complainant has been induced or tricked by his adversary's misconduct into

21   allowing the filing deadline to pass.' "  O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th

22   Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  "Equitable

23   tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital

24   information bearing on the existence of his claim."  Santa Maria v. Pacific Bell, 202 F.3d

25   1170, 1178 (9th Cir. 2000).  "If a reasonable plaintiff would not have known of the

26   existence of a possible claim within the limitations period, then equitable tolling will serve to

27   extend the statute of limitations for filing suit until the plaintiff can gather what information

28

9

he needs."  Id.; see also Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir.1999) ("Equitable

tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on

the part of the defendant . . .").

As to equitable tolling, plaintiff alleges as follows:

> It was not until about the time of the commencement of the foreclosure proceedings that Plaintiff became aware of the violations of federal and state laws and the wrongdoing of Defendants as alleged herein. The Actions of Defendants caused Plaintiff to be put on notice of the illegality of the transaction and of his rights of recourse for the actions of Defendant.  Plaintiff had relied on the statements, his repositing of his faith and confidence in the relationship between Plaintiff and the Defendants to lull him into a false sense of security and misdirect him form [sic] the illegal acts of defendant as alleged herein. By the acts of defendants as alleged herein, the applicable statutes of limitations were tolled.

FAC ¶ 28.

Even construing the allegations of the FAC liberally, plaintiff failed to allege sufficient

facts demonstrating entitlement to equitable tolling.  Assuming, for purposes of the motions

before the court, that FFB's acts violated TILA, plaintiff had the information he needed to

discover and bring an action regarding the alleged wrongs more than three years before

filing suit.  See Meyer, 342 F.3d at 902 ("The failure to make the required disclosures

occurred, if at all, at the time the loan documents were signed.").  Nothing in the FAC

suggests that plaintiff was prevented from comparing his loan documents and disclosures

with TILA statutory and regulatory requirements.  See Hubbard v. Fidelity Federal Bank, 91

F.3d 75, 79 (9th Cir. 1996).  Nor did plaintiff plead facts demonstrating that equitable tolling

is warranted under the circumstances, such as facts showing that he actively pursued his

judicial remedies by filing a defective pleading during the statutory period, was induced or

tricked by defendants' misconduct into allowing the filing deadline to pass, or was unable to

obtain vital information bearing on the existence of his TILA claim, despite all due diligence.

While plaintiff generally alleges that he "relied on the statements, his repositing of his

faith and confidence in the relationship between [himself] and the Defendants to lull him

into a false sense of security and misdirect him form [sic] the illegal acts of defendant as

alleged herein," he did not plead any specific conduct on the part of FFB that prevented

1   him from discovering the alleged TILA violations and filing an action within the statute of

2   limitations.  Nor did plaintiff adequately explain why he did not become aware of "the

3   violations of federal and state laws and the wrongdoing of Defendants" until the

4   commencement of the foreclosure proceedings, or otherwise offer any persuasive

5   argument demonstrating entitlement to equitable tolling.  See Scholar v. Pac. Bell, 963 F.2d

6   264, 267-68 (9th Cir. 1992) (holding that equitable tolling is applicable only in "extreme

7   cases"; noting that courts have been generally unforgiving when a late filing is due to the

8   failure to exercise due diligence in preserving legal rights ).  Accordingly, because the

9   allegations of the FAC are insufficient to invoke the equitable tolling doctrine, plaintiff's TILA

10  damages claim is time-barred, and therefore is dismissed.

11          As to rescission, TILA's "buyer's remorse" provision allows borrowers three business

12  days to rescind, without penalty, a consumer loan that uses their principal dwelling as

13  security.  Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir.

14  1986); 15 U.S.C. § 1635(a).  TILA and its regulations, issued by the Federal Reserve

15  System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), require the lender to provide a form stating the

16  specific date on which the three-day rescission period expires.  Semar, 791 F.2d at 701

17  (citing 15 U.S.C. § 1635(a)).

18          A borrower's right of rescission is extended from three days to three years if the

19  lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a

20  material disclosure.  12 C.F.R. § 226.23(a)(3).  "An obligor's right of rescission shall expire

21  three years after the date of consummation of the transaction or upon the sale of the

22  property, whichever occurs first, notwithstanding the fact that the information and forms

23  required under this section or any other disclosures required under this part have not been

24  delivered to the obligor."  15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("If the

25  required notice or material disclosures are not delivered, the right to rescind shall expire 3

26  years after consummation, upon transfer of all of the consumer's interest in the property, or

27  upon sale of the property, whichever occurs first.").

28          Because plaintiff commenced the instant action more than three years after signing

1    his loan documents, his TILA rescission claim is time-barred.  <u>Beach v. Ocwen Federal</u>

2    <u>Bank</u>, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of

3    rescission at the end of the 3-year period"); <u>Miguel v. Country Funding Corp.</u>, 309 F.3d

4    1161, 1164 (9th Cir. 2002).  Alternatively, because plaintiff commenced the instant action

5    eight days after the foreclosure sale, rescission is no longer an available remedy.  <u>See</u>

6    <u>Meyer</u>, 342 F.3d at 902 (right to rescind expires when property is sold); <u>Hallas v.</u>

7    <u>Ameriquest Mortg. Co.</u>, 406 F.Supp.2d 1176, 1183 (D. Or. 2005) (foreclosure sale

8    terminated plaintiff's right of rescission).

9        Accordingly, plaintiff's first cause of action is dismissed for failure to state a claim

10    upon which relief may be granted.

11        2.    Second Cause of Action: Violation of RESPA

12        Plaintiff's second cause of action alleges that defendants failed to provide him with

13    various disclosures as required under RESPA in violation of 12 U.S.C. §§ 2603, 2604 and

14    2605.

15        "RESPA requires mortgage lenders to disclose the costs associated with real estate

16    closings."  <u>Bloom v. Martin</u>, 77 F.3d 318, 320 (9th Cir. 1996) (citing 12 U.S.C. § 2601)).

17    RESPA was enacted to institute:

18        [S]ignificant reforms in the real estate settlement process . . . to insure that
         consumers throughout the Nation are provided with greater and more timely
19        information on the nature and costs of the settlement process and are
         protected from unnecessarily high settlement charges caused by certain
20        abusive practices that have developed in some areas of the country.

21    12 U.S.C. § 2601(a).

22        As to § 2605, plaintiff alleges that defendants failed to disclose, "at the time of

23    application for the loan, whether the servicing of the loan may be assigned, sold, or

24    transferred to any other person at any time while the loan is outstanding."  Even assuming

25    the truth of this allegation, claims under § 2605 are governed by a three-year statute of

26    limitations. 12 U.S.C. § 2614.  Thus, since the alleged RESPA violations which plaintiff

27    complains of occurred in November 2005, and this action was not filed until March 24,

28    2009, well outside the three-year limitations period, plaintiff's claim under § 2605 is time-

1    barred.  While the Ninth Circuit has not addressed the question of whether equitable tolling

2    is available under RESPA, several district courts have addressed this issue and determined

3    that equitable tolling was available.  See e.g., Brewer v. Indymac Bank, 609 F.Supp.2d

4    1104, 1118 (E.D. Cal. 2009); Marcelos v. Dominguez, 2008 WL 1820683, *6 (N.D. Cal.

5    2008); Bloom, 865 F.Supp. at 1386-87.  However, even assuming that equitable tolling is

6    available, plaintiff has failed to allege sufficient facts demonstrating entitlement to equitable

7    tolling, for the reasons stated above.

8            To the extent that plaintiff attempts to state a claim for relief based on a violation of §

9    2603 or § 2604, he failed to plead a cognizable cause of action.  There is no private right of

10   action for disclosure violations under § 2603, Bloom v. Martin, 865 F.Supp. 1377, 1384-85

11   (N.D. Cal. 1994), or under § 2604, Bamba v. Resource Bank, 568 F.Supp.2d 32, 34-35

12   (D.D.C. 2008) (citing Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997)).

13           Accordingly, plaintiff's second cause of action is dismissed for failure to state a claim

14   upon which relief may be granted.

15           3.       Third Cause of Action: Violation of ECOA

16           Although unclear, plaintiff's third cause of action appears to allege that defendants

17   violated the ECOA by failing to disclose a document as required by Regulation B.

18           Plaintiff's ECOA claim fails to satisfy the minimal notice pleading requirements of

19   Rule 8.  Plaintiff did not identify the specific provision of the ECOA that FFB allegedly

20   violated or the manner in which FFB's conduct violated this provision.  While Rule 8 only

21   requires that a complaint include a "short and plain statement of the claim showing that the

22   pleader is entitled to relief," the complaint must contain allegations putting FFB on fair

23   notice of the claim asserted and the ground upon which it rests.  Neither FFB nor the court

24   need speculate as to which provision plaintiff is suing under or how FFB violated this

25   provision.  Vague allegations containing mere labels and conclusions are insufficient to

26   survive a motion to dismiss.  See Twombly, 550 U.S. at 555.

27           Accordingly, plaintiff's third cause of action is dismissed for failure to state a claim

28   upon which relief may be granted.

1          4.        Fourth Cause of Action: Violation of California's UCL

2          Plaintiff's fourth cause of action titled, "Violation of California's Unfair Competition

3   Law, Bus. & Prof. Code § 17200 *et seq.*, 'Unfair' and 'Fraudulent' Business Acts or

4   Practices Predicated on Violations of TILA," alleges that defendants violated § 17200 by

5   engaging in unlawful, unfair, fraudulent and/or deceptive business practices.  Specifically,

6   plaintiff alleges, on information and belief, that "Defendants engaged in misrepresenting

7   material facts regarding the low "teaser" interest rate applied to his ARM loan for only a

8   month"; "Defendants engaged in misrepresenting material facts regarding the application of

9   payments to both interest and principal when in fact, the monthly payment would not cover

10  even the entire interest applied that month"; and "Defendants engaged in misrepresenting

11  material facts regarding the possibility of an interest rate change by using the language

12  'may' when it was certain that the interest rate would change significantly."  Plaintiff asserts

13  that by engaging in this conduct, defendants have committed one or more acts of unfair

14  competition with the meaning of § 17200.

15         In addition, plaintiff alleges that "Defendants unlawful business acts and/or practice

16  as alleged herein have violated numerous laws and/or regulations and said predicate acts

17  are therefore per se violations of § 17200 *et seq.*, including "Defendants failure to comply

18  with the disclosure requirements mandated by TILA, . . . Regulation Z and Official Staff

19  Commentary issued by the Federal Reserve Board."

20         To state a claim for unfair competition pursuant to § 17200, a plaintiff must allege

21  that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or

22  in "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof.Code § 17200.

23  Because the statute is written in the disjunctive, it applies separately to business practices

24  that are (1) unlawful, (2) unfair, or (3) fraudulent.  See Pastoria v. Nationwide Ins., 112

25  Cal.App.4th 1490, 1496  (2003).  The purpose of the UCL is "to protect both consumers

26  and competitors by promoting fair competition in commercial markets for goods and

27  services."  Kasky v. Nike, Inc., 27 Cal.4th 939, 949 (2002).

28         The UCL incorporates other laws and treats violations of those laws as unlawful

14

1    business practices independently actionable under state law.  Chabner v. United Omaha

2    Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state, or

3    local law may serve as the basis for a UCL claim.  Saunders v. Superior Court, 27

4    Cal.App.4th 832, 838-39 (1994).  Where a plaintiff cannot state a claim under the

5    "borrowed" law, she cannot state a UCL claim either.  See, e.g., Smith v. State Farm

6    Mutual Automobile Ins. Co., 93 Cal.App.4th 700, 718 (2001); Ingels v. Westwood One

7    Broadcasting Services, Inc., 129 Cal.App.4th 1050, 1060 (2005) ("A defendant cannot be

8    liable under § 17200 for committing unlawful business practices without having violated

9    another law.") (quotation marks omitted).

10          To the extent that plaintiff's § 17200 claim is predicated on FFB's purported

11   violations of TILA and its regulations, it fails as a matter of law.  Plaintiff's TILA rescission

12   and damages claims are time-barred, and thus his UCL claim based on TILA violations

13   likewise fails.  Without the predicate TILA violation, there can be no § 17200 claim for

14   unlawful business practices.  See Rubio v. Capital One Bank (USA), 572 F.Supp.2d 1157,

15   1168 (C.D. Cal. 2008)  (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on

16   TILA likewise failed).

17          To the extent that plaintiff's § 17200 claim is predicated on the "fraudulent" prong of

18   the UCL,[3] based on conduct other than the alleged TILA violations, it is subject to dismissal

19   for failure to state a claim.  Although fraud is not an essential element of a claim under §

20   17200, allegations of fraudulent conduct must nevertheless satisfy the heightened pleading

21   requirements of Rule 9(b).  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-05

22   (9th Cir. 2003) (the heightened pleading standards of Rule 9(b) apply to allegations of fraud

23   and allegations that sound in fraud, including false misrepresentations); see also Meridian

24   Project Sys., Inc. v. Hardin Constr. Co., LLC, 404 F.Supp.2d 1214, 1219 (E.D. Cal. 2005)

25   ("It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud,

26   which must meet Rule 9(b)'s particularity requirement."); Neilson v. Union Bank of Cal.,

27   ─────────────────

28        [3] Based on the allegations in the FAC, the primary underlying wrong that plaintiff is
     alleging is based on fraud.  Indeed, according to plaintiff, his "causes of action, including that
     for violation of California's Unfair Competition Law . . . are basically anchored on the fraudulent
     acts committed by the Defendants (particularly, First Federal)."

1    <u>N.A.</u>, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit

2    that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s

3    particularity requirements."). "[I]f particular averments of fraud are insufficiently pled under

4    Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim.

5    The court should then examine the allegations that remain to determine whether they state

6    a claim." <u>Vess</u>, 317 F.3d at 1105.

7           Rule 9(b) demands that, when averments of fraud are made, the circumstances

8    constituting the alleged fraud be specific enough to give defendants notice of the particular

9    misconduct so that they can defend against the charge and not just deny that they have

10   done anything wrong. <u>Vess</u>, 317 F.3d at 1106. "Averments of fraud must be accompanied

11   by 'the who, what, when, where, and how' of the misconduct charged." <u>Id.</u> " '[A] plaintiff

12   must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff

13   must set forth what is false or misleading about a statement, and why it is false.' " <u>Id.</u>

14   (emphasis in original).  "A plaintiff's burden in asserting a fraud claim against a corporate

15   employer is even greater.  In such a case, the plaintiff must allege the names of the

16   persons who made the allegedly fraudulent representations, their authority to speak, to

17   whom they spoke, what they said or wrote, and when it was said or written." <u>Lazar v.</u>

18   <u>Superior Court</u>, 12 Cal.4th 631, 645 (1996) (internal quotation marks omitted).

19          As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump

20   multiple defendants together but require[s] plaintiffs to differentiate their allegations when

21   suing more than one defendant . . . and inform each defendant separately of the allegations

22   surrounding his alleged participation in the fraud."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756,

23   765-66 (9th Cir. 2007); <u>see</u> <u>also</u> <u>Pegasus Holdings v. Veterinary Centers of America, Inc.</u>,

24   38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (Where an action involves multiple defendants,

25   a plaintiff "must provide each and every defendant with enough

26   information to enable them 'to know what misrepresentations are attributable to them and

27   what fraudulent conduct they are charged with.' ").

28          The purpose of Rule 9(b) is to ensure that defendants accused of the conduct

16

specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. <u>Concha v. London</u>, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." <u>Id.</u> (citing <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985)).

Plaintiff's § 17200 claim fails to satisfy the heightened pleading requirements of Rule 9(b) to state a cognizable claim based on the "fraudulent" prong of the UCL. Plaintiff did not plead with the requisite particularity the specific representations that are attributable to FFB, the identity of the FFB employee who made the representations, their authority to speak, what they said or wrote, and when it was said or written. In short, plaintiff failed to sufficiently allege the circumstances constituting the alleged misrepresentations to give FFB adequate notice of the particular misconduct so that FFB can defend against the charge.

Because the particular averments of fraud are insufficiently pled under Rule 9(b), plaintiff's allegations regarding defendants fraudulent conduct are stripped from the claim. Disregarding the allegations of the fraudulent conduct alleged in support of this claim, all that remains is an allegation that FFB's purported violations of TILA and its regulations constitute an unlawful business acts and/or practice, which, as stated above, is an insufficient basis for a § 17200 claim under the circumstances.

Accordingly, plaintiff's fourth cause of action is dismissed for failure to state a claim upon which relief may be granted.

5.      Fifth Cause of Action: Breach of Fiduciary Duty

Plaintiff's fifth cause of action alleges that defendants "created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of plaintiff." Plaintiff further alleges that defendants "placed themselves in a position of trust by virtue of the expertise represented by and through their employees," and that he "relied on Defendant's [sic] superior position and skills and placed his trust and confidence in Defendants to act in a fair and reasonable manner for his best interest and,

1    thereby created a confidential relationship with Defendants."  Plaintiff asserts that

2    defendants breached their fiduciary duties owed to plaintiff by acting "for their own benefit

3    to the detriment of Plaintiff and in derogation of their promises and averments to him to act

4    in his best interest" and "by placing and negotiating loans without due care to the best

5    interest of Plaintiff or for the protection of his rights."

6          "The elements of a cause of action for breach of fiduciary duty are: 1) the existence

7    of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage."  Pellegrini v.

8    Weiss, 165 Cal.App.4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise

9    when confidence is reposed by persons in the integrity of others, and if the latter voluntarily

10   accepts or assumes to accept the confidence, he or she may not act so as to take

11   advantage of the other's interest without that person's knowledge or consent."  Pierce v.

12   Lyman, 1 Cal.App.4th 1093, 1101-02 (1991).  "The relationship between a lending

13   institution and its borrower-client is not fiduciary in nature."  Nymark v. Heart Fed. Savings

14   & Loan Assn., 231 Cal.App.3d 1089, 1093, n. 1 (1991) (citing Price v. Wells Fargo Bank,

15   213 Cal.App.3d 465, 476-478 (1989)).  A commercial lender is entitled to pursue its own

16   economic interests in a loan transaction.  Nymark, 231 Cal.App.3d at 1093, n. 1 (citing

17   Kruse v. Bank of America, 202 Cal.App.3d 38, 67 (1988)).  Absent "special circumstances"

18   a loan transaction is "at arms-length and there is no fiduciary relationship between the

19   borrower and lender."  Oaks Management Corp. v. Superior Court, 145 Cal.App.4th 453,

20   466 (2006).

21         Plaintiff's breach of fiduciary claim fails to satisfy the minimal notice pleading

22   requirements of Rule 8.  The FAC did not allege any special circumstances giving rise to a

23   fiduciary relationship between plaintiff and FFB.  Accordingly, plaintiff's fifth cause of action

24   is dismissed for failure to state a claim upon which relief may be granted.

25         6.      Sixth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair
                   Dealing
26
27         Plaintiff's sixth cause of action alleges that at all times there existed an implied

28   covenant of good faith and fair dealing requiring defendants to "safeguard, protect, or

1   otherwise care for the assets and rights of Plaintiff," and that "[s]aid covenant prohibited

2   Defendants from activities interfering with or contrary to the rights of Plaintiff."  Plaintiff

3   further alleges that the commencement of foreclosure proceedings without the production

4   of disclosures required by law constitutes a breach of the covenant, and that the actual

5   transfer/sale of the property without production of disclosures required by law constitutes a

6   breach of the covenant.

7          Every contract "imposes upon each party a duty of good faith and fair dealing in its

8   performance and its enforcement."  McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784,

9   798 (2008).  To establish a breach of an implied covenant of good faith and fair dealing, a

10  plaintiff must establish the existence of a contractual obligation, along with conduct that

11  frustrates the other party's rights to benefit from the contract.  See Racine & Laramie v.

12  Dep't of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1992); see also Gus v. Bechtel Nat.

13  Inc., 24 Cal.4th 317, 349-50 (2000) (the covenant of good faith and fair dealing cannot be

14  endowed with an existence independent of its contractual underpinnings, and thus cannot

15  impose substantive duties or limits on the contracting parties beyond those incorporated in

16  the specific terms of their agreement).  " 'In essence, the covenant is implied as a

17  *supplement* to the express contractual covenants, to prevent a contracting party from

18  engaging in conduct which (while not technically transgressing the express covenants)

19  frustrates the other party's rights to the benefits of the contract.' "  Racine & Laramie, 11

20  Cal.App.4th at 1031-32 (emphasis in original).

21          Apart from asserting a breach of the implied covenant of good faith and fair dealing,

22  plaintiff does not allege facts establishing that FFB breached a contractual obligation.  Even

23  construing the allegations in the FAC liberally, plaintiff did not allege a contractual obligation

24  breached by FFB arising from any agreement he made with FFB.  As such, plaintiff has

25  failed to allege sufficient facts to withstand a motion to dismiss.  Racine & Laramie, 11

26  Cal.App.4th at 1032 ("There is no obligation to deal fairly or in good faith absent an existing

27  contract.").

28          Accordingly, plaintiff's sixth cause of action is dismissed for failure to state a claim

1    upon which relief may be granted.

2        7.      Seventh Cause of Action: Promissory Estoppel

3        Plaintiff's seventh cause of action alleges that he justifiably, reasonably and

4    detrimentally relied on false promises, representations and assurances of defendants

5    based on the "relations of trust and confidence between [himself] and Defendants" and his

6    "status as a first-time home buyer, among other reasons stated above."  Plaintiff further

7    alleges that based on such reasonable and justifiable reliance, he was "lulled into a false

8    sense of security resulting in inaction and failure to discover the numerous violations of

9    federal and state law and other legal causes of action, which he had."

10       More specifically, plaintiff alleges that the "actions by defendants by failing to

11   adequately disclose transfers of interest, failing to make the statutorily required disclosures

12   in the loan process, and continuing to service the loan and extract monies form [sic] [him]

13   for the time after the closing of the transaction to the dates shortly before the filing of the

14   complaint, lulled [him] in to a false sense so that he did not know of or was prevented from

15   pursuing his remedies."  Plaintiff asserts that "Defendants, in equity, cannot and should not

16   be allowed to retain any income, profits and gains acquired by way of their false promises,

17   representations and assurances which induced [him] to enter into the Defendants'

18   fraudulent scheme resulting in justifiable detrimental reliance by [him] and their [sic] delay

19   in seeking his legal remedies."

20       Promissory estoppel applies whenever a promise which the promissor should

21   reasonably expect to induce action or forbearance on the part of the promisee or a third

22   person and which does induce such action or forbearance would result in an injustice if the

23   promise were not enforced.  CalFarm Ins. Co. v. Krusiewicz, 131 Cal.App.4th 273, 283-84

24   (2005).  To be binding, the promise must be clear and unambiguous.  Id. at 284.  "The

25   elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its

26   terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both

27   reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by

28   his reliance."  U.S. Ecology, Inc. v. State, 129 Cal.App.4th 887, 901 (2005) (internal

1   quotations omitted).  "The party claiming estoppel must specifically plead all facts relied on

2   to establish its elements."  <u>Smith v. City and County of San Francisco</u>, 225 Cal.App.3d 38,

3   48 (1990).

4         Plaintiff's promissory estoppel claim fails to satisfy the minimal notice pleading

5   requirements of Rule 8.  Other than his vague and largely conclusory allegations, plaintiff

6   alleges no facts establishing the elements of a promissory estoppel claim.  Plaintiff, for

7   instance, failed to specifically plead facts identifying the "clear and unambiguous" promises,

8   representations and assurances made by FFB.  Instead, plaintiff vaguely alleges that

9   "defendants" prevented him from pursuing his remedies "by failing to adequately disclose

10  transfers of interest, failing to make the statutorily required disclosures in the loan process,

11  and continuing to service the loan and extract monies form [sic] [him] for the time after the

12  closing of the transaction to the dates shortly before the filing of the complaint."  Nor did

13  plaintiff specifically plead facts showing that he reasonably and foreseeably relied on a

14  "clear and unambiguous" promise, representation or assurance made by FFB.  As such,

15  plaintiff's allegations are insufficient to withstand a motion to dismiss.

16        Accordingly, plaintiff's seventh cause of action is dismissed for failure to state a

17  claim upon which relief may be granted.

18        8.      Eighth Cause of Action: Fraud by Intentional Misrepresentation

19        Plaintiff's eighth cause of action alleges that, "by the above described conduct,"

20  defendants made intentional misrepresentations to him, including intentionally

21  misrepresenting the terms and conditions of the loan scheme and artifice to defraud

22  plaintiff.

23        Under California law, the elements of common law fraud are "misrepresentation,

24  knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages."  <u>Gil v.</u>

25  <u>Bank of Am., Nat'l Ass'n</u>, 138 Cal.App.4th 1371, 1381 (2006).  A court may dismiss a claim

26  grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading

27  requirements.  <u>Vess</u>, 317 F.3d at 1107.

28        Plaintiff's fraud claim based on intentional misrepresentation fails for two reasons.

21

1   First, this claim does not satisfy the heightened pleading requirements of Rule 9(b).

2   Although unclear, it appears that this fraud claim is premised on the same failure to

3   disclose that forms the basis of his TILA and RESPA claims.  Plaintiff, however, has plead

4   vague and conclusory allegations against FFB without any information as to the who, what,

5   when, where, and how of the intentional misrepresentations.  Plaintiff did not plead with the

6   requisite particularity the specific representations that are attributable to FFB, the identity of

7   the FFB employee who made the representations, their authority to speak, what they said

8   or wrote, and when it was said or written.  In short, plaintiff failed to sufficiently allege the

9   circumstances constituting the alleged intentional misrepresentations to give FFB adequate

10  notice of the particular misconduct so it can defend against the charge.

11      Second, this claim is time-barred because plaintiff commenced the instant action

12  more than three years after signing his loan documents.  The applicable statute of

13  limitations governing a fraud cause of action is Cal.Code Civ. Proc. § 338(d), which

14  provides a three year statute of limitations for bringing "an action on the ground of fraud or

15  mistake." Cal.Code Civ. Proc. § 338(d).  A cause of action for fraud or mistake "is not to be

16  deemed to have accrued until the discovery, by the aggrieved party, of the facts

17  constituting the fraud or mistake."  Cal.Code Civ. Proc. § 338(d).  "The discovery rule only

18  delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."

19  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005).  "A plaintiff has reason to

20  discover a cause of action when he or she 'has reason at least to suspect a factual basis

21  for its elements.' "  Id.  "The discovery rule only delays accrual until the plaintiff has, or

22  should have, inquiry notice of the cause of action."  Id.  Plaintiffs are charged with

23  presumptive knowledge of an injury if they have information of circumstances to put them

24  on inquiry or if they have the opportunity to obtain knowledge from sources open to their

25  investigation.  Id. at 807-08.

26      "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a]

27  plaintiff whose complaint shows on its face that his claim would be barred without the

28  benefit of the discovery rule must specifically plead facts to show (1) the time and manner

of discovery and (2) the inability to have made earlier discovery despite reasonable

diligence.' " Fox, 35 Cal.4th at 808.  In assessing the sufficiency of the allegations of

delayed discovery, plaintiff bears the burden to show diligence; conclusory allegations will

not withstand a motion to dismiss.  See id.

Because the intentional misrepresentations that plaintiff complains of occurred

outside the three years prior to the filing of the complaint, plaintiff bears the burden of

specifically pleading facts showing the time and manner of discovery and his inability to

have made earlier discovery despite reasonable diligence.  Plaintiff did not satisfy this

burden.  Plaintiff failed to plead specific facts showing the time and manner in which he

discovered the representations or his inability to discover the representations despite

reasonable diligence.  Moreover, to the extent that this claim is predicated on FFB's failure

to comply with TILA and RESPA statutory requirements, plaintiff had the information he

needed to discover and bring an action regarding the alleged wrongs more than three years

before filing suit.  Nothing in the FAC suggests that plaintiff was prevented from comparing

his loan documents and disclosures with TILA and RESPA statutory requirements.  Nor did

plaintiff plead facts demonstrating that equitable tolling is warranted under the

circumstances.

Accordingly, plaintiff's eighth cause of action is dismissed for failure to state a claim

upon which relief may be granted.

9.      Ninth Cause of Action: Fraud by Concealment

Plaintiff's ninth cause of action alleges that "Defendants intentionally concealed

material and important facts, terms and conditions from Plaintiff, as stated above,

proximately resulting in damages to Plaintiff and which facts, terms and conditions

Defendants had a duty to disclose."

To state a claim for fraudulent concealment, a plaintiff must allege (1) concealment

or suppression of a material fact; (2) a duty to disclose; (3) intentional concealment with the

intent to defraud; (4) actual, justifiable reliance; and (5) resulting damages.  Blickman

Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal.App.4th 858, 868 (2008).  A court

1    may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s

2    heightened pleading requirements.  <u>Vess</u>, 317 F.3d at 1107.

3         Plaintiff's fraud claim based on concealment fails for two reasons.  First, this claim

4    does not satisfy the heightened pleading requirements of Rule 9(b).  Although unclear, it

5    appears that this fraud claim is premised on the same failure to disclose that forms the

6    basis of his TILA and RESPA claims.  Plaintiff, however, has plead vague and conclusory

7    allegations against FFB without any information as to the who, what, when, where, and how

8    of the fraudulent concealment.  Plaintiff, for instance, did not plead with the requisite

9    particularity the name of the FFB employee who concealed material facts.  As such, plaintiff

10   failed to sufficiently allege the circumstances constituting the alleged fraudulent

11   concealment to give FFB adequate notice of the particular misconduct so it can defend

12   against the charge.

13        Second, this claim is time-barred for the same reasons that plaintiff's fraud by

14   intentional misrepresentation claim is time-barred.

15        Accordingly, plaintiff's ninth cause of action is dismissed for failure to state a claim

16   upon which relief may be granted.

17        10.   Tenth Cause of Action: Restitution for Unjust Enrichment

18        Plaintiff's tenth cause of action alleges that "Defendants made false promises,

19   assurances and representations regarding facts, terms and conditions as above stated to

20   defraud Plaintiff."  Plaintiff further alleges, that as a result of his reliance on these false

21   representations, "Defendants received and continue to receive benefits of profits and

22   material gains by unjustly retaining profits, income and ill-gotten gains at the expense of the

23   Plaintiff who acted in detrimental reliance upon the defendants' false assurances,

24   representations and promises."

25        "[T]here is no cause of action in California for unjust enrichment."  <u>Melchior v. New</u>

26   <u>Line Productions, Inc.</u>, 106 Cal.App.4th 779, 793 (2003).  "The phrase 'Unjust Enrichment'

27   does not describe a theory of recovery, but an effect: the result of a failure to make

28   restitution under circumstances where it is equitable to do so."  <u>Lauriedale Associates, Ltd.</u>

1    v. Wilson, 7 Cal.App.4th 1439, 1448 (1992).  "Unjust enrichment is a 'general principle,

2    underlying various legal doctrines and remedies,' rather than a remedy itself."  Melchior,

3    106 Cal.App.4th at 784; see also McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004)

4    ("Unjust enrichment is not a cause of action . . . or even a remedy, but rather . . . a general

5    principle, underlying various legal doctrines and remedies. . . . It is synonymous with

6    restitution."); cf Hirsch v. Bank of Am., 107 Cal.App.4th 708, 721-22 (2003) (upholding

7    cause of action for unjust enrichment).

8          Unjust enrichment is typically sought in connection with a "quasi-contractual" claim in

9    order to avoid unjustly conferring a benefit upon a defendant where there is no valid

10   contract.  McBride, 123 Cal.App.4th at 388.  Under an unjust enrichment theory, restitution

11   may be awarded either (1) in lieu of breach of contract damages, where an asserted

12   contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a

13   benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff

14   has chosen not to sue in tort.  Id.  Thus, a claim for restitution is inconsistent and

15   incompatible with a related claim for breach of contract or a claim in tort.  Id.; see also

16   Paracor Fin. v. General Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996).

17         To the extent that California law permits a plaintiff to seek restitution, plaintiff fails to

18   adequately explain the theory on which his unjust enrichment claim is based.  This claim

19   merely incorporates the other facts of the FAC by reference and makes a conclusory

20   allegation that defendants have been "unjustly enriched" by "retaining profits, income and

21   ill-gotten gains at the expense of plaintiff who acted in detrimental reliance upon the

22   defendants' false assurances, representations and promises" with respect to "facts, terms

23   and conditions as above stated to defraud Plaintiff."  This allegation is insufficient to state

24   the basis upon which plaintiff seeks restitution, beyond a "bare averment that he wants

25   relief and is entitled to it."  See Twombly, 550 U.S. at 556 n. 3.  Because plaintiff failed to

26   make clear upon which theory his unjust enrichment claim is based, this claim is insufficient

27   to withstand a motion to dismiss.  Furthermore, this claim fails as to ServiceLinkbecause

28   the FAC alleges that plaintiff financed the acquisition of the property with a loan from FFB,

1   not ServiceLike, and does not otherwise allege sufficient facts to support a contractual or

2   quasi-contractual relationship between plaintiff and ServiceLink.

3        Accordingly, plaintiff's tenth cause of action is dismissed for failure to state a claim

4   upon which relief may be granted.

5        11.     Eleventh Cause of Action: Violation of California's FAL

6        Plaintiff's eleventh cause of action alleges that "the above-described conduct of the

7   Defendants constituted unlawful, unfair, deceptive, and fraudulent business practices within

8   the purview of California Business and Professions Code §§ 17500 *et seq.*  Among other

9   things, Defendants' representations and statements to Plaintiff and other similarly situated

10  consumers were false, misleading and deceptive within the meaning of these statutes."

11  Plaintiff further alleges that he suffered damages as result of his reliance on defendants

12  "fraudulent conduct," including defendants' false, misleading and deceptive representations

13  and marketing materials.

14       California's Unfair Business Practices Act contains a false advertising provision,

15  which provides that it is unlawful for any company or employee thereof to make or

16  disseminate any statement concerning real or personal property or professional services,

17  which is known, or which by the exercise of reasonable care should be known, to be untrue

18  or misleading.  Cal. Bus. & Prof.Code  § 17500.   "To state a cause of action under

19  consumer protection statutes designed to protect the public from misleading or deceptive

20  advertising, the plaintiff must demonstrate that 'members of the public are likely to be

21  deceived.' " Wayne v. Staples, Inc., 135 Cal.App.4th 466, 484 (2006) (citations omitted).

22       Although fraud is not an essential element of a claim under § 17500, because the

23  primary underlying wrong that plaintiff is alleging is based on fraud, the allegations of

24  fraudulent conduct alleged in support of this claim must satisfy the heightened pleading

25  requirements of Rule 9(b).  See Vess, 317 F.3d at 1105.  However, because this claim

26  merely incorporates the other facts in the FAC by reference and makes the conclusory

27  allegation that plaintiff suffered damage as a result of "defendants" false, misleading and

28  deceptive representations and marketing materials, it is not pled with the requisite

1   particularity to satisfy the heightened pleading requirements of Rule 9(b).  Plaintiff failed to

2   allege facts identifying the representations and marketing materials that are attributable to

3   FFB.  Nor did plaintiff allege the identity of the FFB employee who made the

4   representations, their authority to speak, what they said or wrote, and when it was said or

5   written.  Instead, plaintiff simply alleges that "the above-described conduct of the

6   Defendants," including "Defendants misrepresentations and statements to Plaintiffs and

7   other similarly situated consumers."  As such, plaintiff failed to sufficiently allege the

8   circumstances constituting the alleged false, misleading and deceptive representations and

9   marketing materials to give FFB adequate notice of the particular misconduct so that FFB

10  can defend against the charge.

11       Because the particular averments of fraud are insufficiently pled under Rule 9(b),

12  plaintiff's allegations regarding defendants' fraudulent conduct are stripped from the claim.

13  Disregarding the allegations of the fraudulent conduct alleged in support of this claim,

14  nothing remains to provide a basis to support an actionable § 17500 claim.  Accordingly,

15  plaintiff's eleventh cause of action is dismissed for failure to state a claim upon which relief

16  may be granted.

17       12.     Twelfth Cause of Action: Violation of the RFDCPA

18        Plaintiff's twelfth cause of action alleges that "Defendants' actions . . . constitute

19  violations of the California Rosenthal Act in that they threatened to take and actually took

20  actions, including but not limited to foreclosure, that are not permitted by law, have used

21  false, deceptive, or misleading representations or means in an attempt to collect a debt,

22  and have used unfair or unconscionable means in an attempt to collect a debt."

23        Plaintiff's RFDCPA claim fails for two reasons.  First, plaintiff did not allege facts

24  suggesting that any defendant is a "debt collector" under the RFDCPA.  To be held liable

25  for violation of the RFDCPA, a defendant must fall within the Act's definition of "debt

26  collector."  Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008)

27  (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)).  The RFDCPA defines a "debt

28  collector" as "any person who, in the ordinary course of business, regularly, on behalf of

27

1  himself or herself or others, engages in debt collection."  <u>See</u> Cal. Civ.Code § 1788.2(c).

2  Plaintiff does not allege facts giving rise to the inference that any of the defendants is a

3  debt collector as defined by the RFDCPA, nor did he identify the provisions of the act that

4  defendants allegedly violated.  As such, plaintiff has not satisfied the minimal notice

5  pleading requirements of Rule 8.

6        Second, plaintiff failed to plead that any defendant was "collecting a debt" because

7  foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the

8  meaning of the RFDCPA.  <u>Izenberg</u>, 589 F.Supp.2d at 1199.

9        Accordingly, plaintiff's twelfth cause of action is dismissed for failure to state a claim

10  upon which relief may be granted.

11        13.    Thirteenth Cause of Action: Cancellation of Void Instrument

12        Plaintiff's thirteenth cause of action alleges that the loan agreement and the Deed of

13  Trust are illegal, unconscionable, and were procured by fraud, and thus are void or

14  voidable.

15        California Civil Code § 3412 provides that court-ordered cancellation of a written

16  instrument is appropriate if "there is a reasonable apprehension that if left outstanding it

17  may cause serious injury to a person against whom it is void or voidable . . ."  Cal.

18  Civ.Code § 3412.

19        Plaintiff's "cancellation of void instrument" claim fails for several reasons.  First, this

20  claim fails as to ServiceLink because ServiceLink was not a party to the loan agreement or

21  the Deed of Trust.  Second, while fraudulent loan documents might provide grounds for

22  loan cancellation, plaintiff failed to plead a timely claim for fraud.  The loan agreement and

23  Deed of Trust were entered into in November 2005, more than three years before this

24  action was commenced on March 24, 2009.  Plaintiff did not allege facts demonstrating that

25  this claim accrued within three years prior to the filing of this action.  Nor did plaintiff allege

26  sufficient facts demonstrating entitlement to equitable tolling.

27        Moreover, even assuming that the loan agreement and Deed of Trust are void or

28  voidable, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale

28

1   notice or procedure should be accompanied by an offer to pay the full amount of the debt

2   for which the property was security."  Arnolds Management Corp. v. Eischen, 158

3   Cal.App.3d 575, 578 (1984); see also Karlsen v. American Sav. & Loan Assn., 15

4   Cal.App.3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness

5   owing is essential to an action to cancel a voidable sale under a deed of trust.").  Nowhere

6   in the FAC does plaintiff allege that he is prepared to tender the loan proceeds.

7        Accordingly, plaintiff's thirteenth cause of action is dismissed for failure to state a

8   claim upon which relief may be granted.

9        14.     Fourteenth Cause of Action: Injunctive Relief

10       Plaintiff's fourteenth cause of action seeks to enjoin the foreclosure of his home or,

11  in the alternative, to set aside the trustee's sale and have any deed adverse to his interest

12  rescinded.  Plaintiff, however, does not offer any particular supporting cause of action.

13       A request for injunctive relief by itself does not state a cause of action and is

14  properly brought before the court as a separate motion.  Shamsian v. Atl. Richfield Co., 107

15  Cal.App.4th 967, 984-85 (2003).  Moreover, even if the court were to construe this request

16  as derivative of all other alleged causes of action, plaintiff would still bear the burden of

17  showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

18  in the absence of preliminary relief, that the balance of equities tip in his favor, and that an

19  injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 129

20  S.Ct. 365, 374 (2008); see also Munaf v. Green, 128 S.Ct. 2207, 2218-19 (2008).

21       Because a request for injunctive relief by itself does not state a cause of action, this

22  claim is dismissed.  To the extent that this claim is derivative of the other claims alleged in

23  the FAC, plaintiff has not sustained his burden to demonstrate a fair chance of success on

24  the merits, and therefore is not entitled to injunctive relief based on his pleadings.

25  Moreover, to the extent that plaintiff seeks injunctive relief related to the nonjudicial

26  foreclosure, this relief is moot as the property has been sold.  There remains no effective

27  relief this court can offer as the court cannot restrain or prevent an action that already

28  occurred.  See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999) ("If

29

1    there is no longer a possibility that an appellant can obtain relief for his claim, that claim is

2    moot and must be dismissed for lack of jurisdiction.").

3         Finally, to the extent that plaintiff seeks injunctive relief in the form of setting aside

4    the trustee's sale and having any deed adverse to plaintiff's interest rescinded, plaintiff has

5    not offered to pay the full amount of the debt for which the property was security, which is

6    essential to an action to cancel a voidable sale under a deed of trust. See Arnolds, 158

7    Cal.App.3d at 578; Karlsen, 15 Cal.App.3d at 117.

8         Accordingly, plaintiff's fourteenth cause of action is dismissed for failure to state a

9    claim upon which relief may be granted.

10                                      **CONCLUSION**

11        For the reasons stated above, defendants' motions to dismiss are GRANTED.

12   Because the FAC was filed after the defendants moved to dismiss the complaint, plaintiff

13   had the opportunity to cure the defects identified by defendants, but did not do so, and the

14   court assumes that he could not.  Nor did plaintiff offer additional facts demonstrating that

15   he is capable of curing the deficiencies through amendment.  Under the circumstances, the

16   court finds that leave to amend would be futile.  Accordingly, plaintiff's first through

17   fourteenth causes of action are DISMISSED with prejudice.  The Clerk shall close the file.

18        **IT IS SO ORDERED.**

19   Dated: July 15, 2009

20

21                                                      _____

22                                                      PHYLLIS J. HAMILTON
                                                        United States District Judge

23

24

25

26

27

28